UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL MEOLA ) | |
| ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| CLIENT SERVICES ) | |
| INCORPORATED ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant ) | |

### COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Michael Meola, by and through his undersigned counsel, Bruce K. Warren, Esquire, and Brent F. Vullings, Esquire, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Michael Meola, is a adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practice.

### II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

### III. PARTIES

4. Plaintiff, Michael Meola, is an adult natural person residing at 83 Lexington Lane, Wayne, NJ 07470. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Client Services Incorporated ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the state of New Jersey with its principal place of business located at 3451 Harry S. Truman Blvd., Saint Charles, MO 63301-4410.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about March 10, 2010, Plaintiff started to receive calls from Defendant's agent, "Michael Bell", collecting on a debt allegedly owed on a Bank of America account.

8. Plaintiff was informed by the Defendant that he owed approximately $41,244.00.

9. Plaintiff informed the Defendant's agent, "Michael Bell", that he was in a debt settlement program with the law firm of Persels & Associates, LLC and he should call them directly on this account.

10. Defendant's agent, "Michael Bell", told the Plaintiff that they would never work with a firm like Persels.

11. Agent went on to tell the Plaintiff that he should be ashamed of himself and that he was just trying to get away with the inevitable by signing up with a debt settlement company.

12. On that same call, Defendant's agent, "Michael Bell", went on to tell the Plaintiff that what Persels does is illegal in many states and that New Jersey is one of them and that the Plaintiff needed to know that he was getting ripped-off.

13. Defendant's agent, "Michael Bell", stated that he was looking at the Plaintiff's credit history and wanted to know why everything seemed fine and then went downhill.

14. Plaintiff explained that his wife had lost his job and that his hours had been cut back and that they lost money.

15. Plaintiff was encouraged to contact his payroll department and borrow from is 401K account to pay off the debt.

16. Plaintiff was asked not to discuss borrowing the money with Persels because they would only advise him to do the opposite of what the Defendant required him to do.

17. Plaintiff was informed that he would be responsible for all the legal fees and penalties if he didn't do something about this debt soon.

18. On or about March 12, 2010, Persels sent a "cease and desist" letter to the Defendant, informing them that they were representing the Plaintiff and that they needed to cease all future direct contact with the client.  **See Exhibit "A" (letter) attached hereto.**

19. Defendant continues to call Plaintiff on his home number and personal cell phone attempting to collect on this matter.

20. Plaintiff has never received anything in writing in regards to this debt.

21. Plaintiff stated that he no longer answers the calls because they are so upsetting.

22. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such persons in connection with the collection of a debt.

23. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24 At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

25. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

## COUNT I – FDCPA

26. The above paragraphs are hereby incorporated herein by reference.

27. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c) | After written notification that consumer refuses to pay the debt, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information on a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, Client Services Incorporated, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

Date: August 31, 2010    BY:  /s/ Bruce K. Warren
Bruce K. Warren, Esquire

BY: /s/Brent F. Vullings
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorneys' for Plaintiff